# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA

### vs

## KRISTOPHER PURCELL aka "K-Dawg"

## INDICTMENT

**CR 18  00506 BLF SVK**

| | |
|---|---|
| COUNTS 1-2: | 18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering |
| COUNTS 3-4: | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |
| COUNT 5: | 18 U.S.C. § 924(c) – Use/Possession of Firearm During and in Relation to/in Furtherance of Crime of Violence |

*A true bill.*

_____
*Foreperson*

Filed in open court this ___11___ day of ___October___ A.D. 201_8_

_____
*United States Magistrate Judge*

Bail. $ No bail arrest warrant



SEALED BY ORDER OF COURT

FILED
OCT 11 2018
Susan Y. Soong
Clerk, U.S. District Court
Northern District of California
San Jose

ALEX G. TSE (CABN 152348)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18 00506 SVK |
| v. | VIOLATIONS: 18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering; 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering; 18 U.S.C. § 924(c) – Use/Possession of Firearm During and in Relation to/in Furtherance of Crime of Violence; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| KRISTOPHER PURCELL, aka "K-Dawg," Defendant. | SAN JOSE VENUE  **UNDER SEAL** |

INDICTMENT

The Grand Jury charges, with all dates being approximate and all date ranges both approximate and inclusive, that at all times relevant to this Indictment:

Introductory Allegations

1.     Nuestra Familia – Spanish for "Our Family" and also known as the "NF" – is a prison gang that was formed in the late 1960s in the California state prison system. The emergence of the NF began with a segment of Mexican-American prisoners who were members of, and eventually became disgruntled with, the Mexican Mafia prison gang. This group of disgruntled inmates formed the NF as a rival prison gang to the Mexican Mafia. To this day, the NF and the Mexican Mafia remain enemies and fierce

- 1 -

INDICTMENT

competitors, which has led to violence both on the streets and within custodial facilities.

2.     The NF is generally organized into a formal hierarchy of members.  Its membership is composed of a relatively small number of made members, known as "carnales." There are various levels of status possessed by these carnales, and accordingly, each is afforded varying authority and responsibility over the organization and its subordinates.  These carnales control and direct many of the activities of the various subordinate Norteno street gangs.  Norteno street gangs are composed of members who refer to themselves generally as "Nortenos," and who subscribe to the NF ideology and recognize the NF as the supreme Norteno authority.  The NF is able to assert control and influence over Norteno gang members because: (1) the Norteno gang members fear the NF's vast reach and ability to commit/order murders and assaults against persons inside and outside of custody, (2) the Norteno gang members want the protection provided by the NF if they ever become incarcerated, and (3) the Norteno members' belief in the NF ideology and the benefits afforded them as subordinates of the NF.

3.     Outside of custodial settings, the NF has organized its subordinate Norteno street gangs into established geographic territories called "street regiments." The city of Salinas and the encompassing Monterey County are controlled by one regiment known as the "Monterey County Regiment." A regiment is led by a "regiment commander," normally an NF member or associate, who has been given that authority by the NF.  The NF's purpose for having established street regiments is to generate money that is then appropriately distributed within the NF and its subordinate organizations.  These financial contributions may take the form of monthly "dues" paid by individual Norteno street gang members and/or the street gangs taxing their own members' profits from illicit activities such as drug dealing.

4.     Under each street regiment, Norteno street gangs are typically divided based on the local neighborhoods or "hoods" where their members reside or are actively engaged in gang activity.  Each Norteno hood has a name and its members and associates meet and work together to carry out their illegal activities for their own individual benefit, the benefit of the particular Norteno hood, the benefit of Nortenos generally, and the benefit of the NF.  These Norteno hoods fight with other street gangs, including their primary rival Sureno[1] street gangs, to control lucrative illegal activities, to claim or

---

[1] Similar to the relationship between the NF and Norteno street gangs, Surenos are subordinate and pledge allegiance to the Mexican Mafia prison gang.

- 2 -

INDICTMENT

maintain established territory, and to retaliate against a rival gang or perceived rival gang member. Norteno street gangs also engage in violence to recruit and influence non-gang members, to gain notoriety and respect, to dissuade potential witnesses from reporting crime or cooperating with law enforcement, to assert their gang identities, to challenge or respond to a challenge, and to send a message to others that they are strong, powerful and not to be provoked.

5.    Norteno hoods want and need to have a reputation for being strong and powerful.  They also need to increase their membership to survive and continue functioning as an organization on the streets.  If a Norteno hood has a reputation for being weak, other gangs will challenge and assault its members, and will also attempt to take over its territory.  This will cause the particular hood to lose membership and eventually dissolve.  If a Norteno hood has a large membership and a reputation for being strong, powerful and dominant, rival groups will think twice before they challenge it and victims/witnesses will think twice about assisting authorities with any prosecution attempt against it.  This will allow the hood (and Nortenos as a whole), to grow in strength, thrive in its criminal activity, and rule its territory. Sometimes Norteno gang members from different hoods combine to engage in illegal activities, including narcotics trafficking, or to seek protection against rival gangs.

6.    Within the ranks of Nortenos, gang members earn promotion and prestige by proving themselves through the commission of criminal activities benefitting the gang and/or by spending time in jail or prison.  Nortenos commit crimes such as robbery, extortion, and narcotics trafficking to enrich themselves and the NF.  Nortenos also engage in acts of violence, including murder and attempted murder, which is often the quickest way to earn prestige for the individual gang member, his hood, Nortenos in general, and the NF.  A member or associate of a Norteno hood is expected to "hunt" — that is, seek out and beat, stab, or shoot — any rivals.  Similarly, a member or associate of a Norteno gang is expected to confront and attack any suspected rival that he encounters.  If a Norteno gang member fails to do so, such member would be subject to reprisal from his own gang.  Because of this on-going conflict between Nortenos and their rival street gangs – most notably, Surenos – many innocent individuals have been hurt or killed as a result of mistaken identity or for being in the wrong place at the wrong time.

7.    Nortenos identify themselves with the color red and the number "14" in various forms. The number "14" corresponds with the letter "N," which is the fourteenth letter of the alphabet; the letter

- 3 -

INDICTMENT

"N," in turn, is a reference to Nortenos or the NF. These and related symbols are often displayed by Norteno criminal street gang members in tattoos, graffiti, drawings, hand signs, and on clothing as a way of displaying their affiliation, loyalty, and commitment to the gang.

### The Racketeering Enterprise: the Monterey County Regiment

8. Norteno street gangs under the umbrella of the Monterey County Regiment include the Boronda Boys (BOR), Santa Rita Bahamas (SRB), East Las Casitas (ELC), Salinas East Market (SEM), and others. Members of these Norteno hoods often joined forces to essentially operate as a single, unified association-in-fact enterprise, herein referred to as the "Monterey County Regiment." In particular, BOR and SRB regularly joined together to conduct violent attacks on Surenos, or individuals perceived to be Surenos, and to distribute controlled substances.

9. At all time periods relevant to this Indictment, the Monterey County Regiment was composed of BOR and SRB gang members and associates, as well as other Norteno gang members and associates, who coordinated and engaged in criminal activity together. The Monterey County Regiment, including its leadership, members, and associates, in the Northern District of California, the State of California, and elsewhere, constituted an "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in and the activities of which affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

10. The Monterey County Regiment Enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts involving murder, in violation of California Penal Code Sections 187, 188, 189, 182, 21a, 31, 664, 653f, and 422; and multiple offenses involving the distribution of a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Purposes of the Enterprise

11. The purposes of the Monterey County Regiment Enterprise included the following:

a. Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, violence, threats of violence, assault, and murder;

- 4 -

INDICTMENT

b.    Promoting and enhancing the enterprise and the activities of its members and associates through, among other acts, murder, attempted murder, narcotics trafficking, extortion, and other criminal activities;

c.    Keeping rival gang members, potential informants and witnesses against the enterprise, law enforcement, other victims and potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d.    Providing financial support and information to its members and associates; and

e.    Protecting the enterprise's members and associates who committed crimes by hindering, obstructing, and preventing law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

COUNT ONE:        (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering of Victim-1)

12.    Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

13.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the Northern District of California, for the purpose of maintaining and increasing position in the Monterey County Regiment, an enterprise engaged in racketeering activity, the defendant,

KRISTOPHER PURCELL, aka "K-Dawg,"

together with others known and unknown, willfully attempted to murder Victim-1, in violation of California Penal Code Sections 187, 188, 189, 21a, 31, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT TWO:        (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering of Victim-2)

14.    Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the Northern District of California, for the purpose of maintaining and increasing position in the Monterey County Regiment, an enterprise engaged in racketeering activity, the defendant,

- 5 -

INDICTMENT

KRISTOPHER PURCELL, aka "K-Dawg,"

together with others known and unknown, willfully attempted to murder Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, 31, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT THREE:    (18 U.S.C. §§ 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-1)

16.    Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the Northern District of California, for the purpose of maintaining and increasing position in the Monterey County Regiment, an enterprise engaged in racketeering activity, the defendant,

KRISTOPHER PURCELL, aka "K-Dawg,"

together with others known and unknown, knowingly and intentionally assaulted Victim-1 with a dangerous weapon, in violation of California Penal Code Sections 245(a)(2) and 31.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FOUR:    (18 U.S.C. §§ 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-2)

18.    Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

19.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the Northern District of California, for the purpose of maintaining and increasing position in the Monterey County Regiment, an enterprise engaged in racketeering activity, the defendant,

KRISTOPHER PURCELL, aka "K-Dawg,"

together with others known and unknown, knowingly and intentionally assaulted Victim-2 with a dangerous weapon, in violation of California Penal Code Sections 245(a)(2) and 31.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

//

//

- 6 -

INDICTMENT

COUNT FIVE:          (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of a Firearm in Furtherance of or During and in Relation to Crime of Violence)

20.   On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the Northern District of California, the defendant,

KRISTOPHER PURCELL, aka "K-Dawg,"

knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, namely, attempted murder in aid of racketeering as charged in Counts One and Two of this Indictment, and assault with a dangerous weapon in aid of racketeering as charged in Counts Three and Four of this Indictment, and possessed, brandished, and discharged such firearm.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

FORFEITURE ALLEGATION:          (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

21.   The factual allegations contained in the Introductory Allegations and Counts One through Five of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

22.   Upon conviction of the offense alleged in Count Five of this Indictment, the defendant,

KRISTOPHER PURCELL, aka "K-Dawg,"

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing violation of said offense, or a conspiracy to commit said offense.

23.   If, as a result of any act or omission of the defendant, any of the property subject to forfeiture

          a.   cannot be located upon the exercise of due diligence;

          b.   has been transferred or sold to or deposited with, a third person;

          c.   has been placed beyond the jurisdiction of the Court;

          d.   has been substantially diminished in value; or

          e.   has been commingled with other property which cannot be divided without

- 7 -

INDICTMENT

difficulty;

any and all interest the defendant has in any other property, shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 10-11-18

A TRUE BILL

_____
FOREPERSON

ALEX G. TSE
United States Attorney

_____ for Stephanie Hinds
Stephanie Hinds
Deputy Chief, Criminal Division

(Approved as to form: _____ )
AUSA Katie Griffin

- 8 -

INDICTMENT

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

### OFFENSE CHARGED

COUNTS 1-2: 18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering
COUNTS 3-4: 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering
COUNT 5: 18 U.S.C. § 924(c) – Use/Possession of Firearm During and in Relation to/in Furtherance of Crime of Violence

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  See attached.

Plus: forfeiture allegations included in indictment and possible immigration consequences.

### DEFENDANT - U.S

▶ KRISTOPHER PURCELL aka "K-DAWG"

DISTRICT COURT NUMBER

CR 18 00506

BLF

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation, Special Agent Brian Walsh

☒ person is awaiting trial in another Federal or State Court, give name of court

Monterey County Superior Court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE
CASE NO.

Name and Office of Person Furnishing Information on this form  ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  AUSA KATIE GRIFFIN

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

SEALED BY ORDER OF COURT

E-filing

FILED
OCT 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## KRISTOPHER PURCELL aka "K-DAWG"

**Count 1: 18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-1**
Maximum term of 10 years' imprisonment
Maximum term of 3 years of supervised release
Maximum fine of $250,000
Mandatory special assessment of $100

**Count 2: 18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-2**
Maximum term of 10 years' imprisonment
Maximum term of 3 years of supervised release
Maximum fine of $250,000
Mandatory special assessment of $100

**Count 3: 18 U.S.C. § 1959(a)(3) – Assault With a Dangerous Weapon in Aid of Racketeering of Victim-1**
Maximum term of 20 years' imprisonment
Maximum term of 3 years of supervised release
Maximum fine of $250,000
Mandatory special assessment of $100

**Count 4: 18 U.S.C. § 1959(a)(3) – Assault With a Dangerous Weapon in Aid of Racketeering of Victim-2**
Maximum term of 20 years' imprisonment
Maximum term of 3 years of supervised release
Maximum fine of $250,000
Mandatory special assessment of $100

**Count 5: 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm in Furtherance of or During and in Relation to Crime of Violence**
Mandatory consecutive term of imprisonment of not less than 10 years imprisonment and a maximum term of life imprisonment
Maximum term of 5 years of supervised release
Maximum fine of $250,000
Mandatory special assessment of $100