UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KRISTOPHER PURCELL,<br>Defendant. | Case No. 18-cr-00506-BLF-1 (VKD)<br><br>**DETENTION ORDER** |

The United States moved for detention of defendant Kristopher Purcell pursuant to 18 U.S.C. §§ 3142(f)(1). The Court held a detention hearing on October 22, 2018. The United States was represented by Assistant U.S. Attorney Katherine Griffin. Mr. Purcell was present at the hearing and represented by his attorney Edward Ajlouny. Pretrial Services Officer Allen Lew was also present. For the reasons stated on the record during the hearing and as set forth below, the Court finds that there are no conditions, or combination of conditions, of release that would reasonably assure the safety of other persons and the community and the appearance of the defendant as required in this case.

**I. BACKGROUND**

As set forth in the indictment, the government charges Mr. Purcell with two counts of attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and one count of use of a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The government alleges that Mr. Purcell engaged in the conduct charged in the indictment in order to maintain and enhance his position within the Norteño street gang. In addition to the indictment, the government

filed a proffer in support of its motion for detention. Dkt. No. 5.

## II. LEGAL STANDARDS

On a motion for pretrial detention, the government bears the burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons or the community. 18 U.S.C. § 3142(f)(2). Conversely, the government bears the burden to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III. DISCUSSION

### A. Rebuttable Presumption

As set forth in the indictment, the United States charges Mr. Purcell with two counts of attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and one count of use of a firearm during and in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Pursuant to 18 U.S.C. § 3142(e)(3)(B), a rebuttable presumption that Mr. Purcell is both a danger and a flight risk arises from his alleged violation of 18 U.S.C. § 924(c).

### B. Nature and Circumstances of the Offense

According to the indictment and the government's proffer, Mr. Purcell participated in a conspiracy to kill two victims who were shot in front of their residence. The charged offenses

include crimes of violence and involved the use of a firearm. Mr. Purcell faces maximum terms of imprisonment ranging from 10 years to life on the charged counts. Regardless of the merits of the allegations in the indictment, there is no question that the offenses charged are violent and serious.

In addition, the indictment alleges that Mr. Purcell's conduct was motivated by his participation in a gang and its criminal activities.

### C. Weight of the Evidence

The weight of the evidence is difficult to assess at this stage of the case. However, a grand jury heard evidence of at least the offenses charged in the indictment and found probable cause supported those charges. In addition, the government proffers that the evidence supporting the charged offenses includes surveillance video, ballistic evidence, other physical evidence, and the testimony of witnesses. However, the Court observes that the weight of the evidence is the least important consideration. *Motamedi*, 767 F.2d at 1408.

### D. Personal Characteristics of the Defendant

Mr. Purcell is only 20 years old, and while he acknowledges participation in a gang, he expressed a present desire to disassociate from any gang affiliation or activity. He has lived with his parents at the same address in Salinas for most of his life. He graduated high school and is currently unemployed. Mr. Purcell has a history of substance abuse, but expressed an interest in receiving treatment. He does not suffer from any significant mental health conditions.

Mr. Purcell does not have any adult criminal convictions. However criminal charges are pending against him for drug-related offenses and an assault in connection with gang-related activity. Pretrial Services indicates that Mr. Purcell has an active protection order lodged against him, but the circumstances giving rise to that order were not addressed at the hearing. The government proffers evidence that Mr. Purcell is a suspect in a murder that occurred shortly before the offenses charged in the indictment. Additionally, the government proffers that Mr. Purcell recently filmed and then posted video of beatings of a juvenile sex trafficking victim to his Instagram account. According to the government, this non-charged conduct is related to Mr. Purcell's ongoing gang-related activities. Dkt. No. 5.

While Mr. Purcell does not appear to have financial resources of his own, his parents own property and are willing to assist Mr. Purcell with a bond to secure his release. Mr. Purcell's mother is willing to serve as his custodian.

### E. Nature and Seriousness of the Danger to Others Posed by Defendant's Release

In addition to the conduct charged in the indictment, the government has proffered evidence (described above) of Mr. Purcell's history of violence and participating in a gang, including recent conduct. While the Court does not give substantial weight to uncharged conduct and conduct for which Mr. Purcell has not suffered a conviction, the indictment alone gives rise to a presumption of dangerousness. Mr. Purcell's professed desire to disassociate himself from gang affiliation and gang-related activity is commendable, but this change of heart appears to have been very recent and is supported only by Mr. Purcell's statements to Pretrial Services.

### F. Consideration of Conditions of Release

The Bail Reform Act of 1984 favors pretrial release, not detention. Accordingly, the Court has carefully considered whether there are any conditions of release that will reasonably assure the safety of others and the community and the defendant's appearance. In particular, the Court has considered whether a combination of location restrictions, monitoring, and substance abuse treatment, together with the requirement of a substantial secured bond and suitable custodian, would provide such reasonable assurance. The Court concludes they would not.

As noted above Mr. Purcell's parents own property and his father was willing to serve as a surety, and his mother was willing to serve as his custodian, to ensure Mr. Purcell's compliance with conditions of release. However, the Court does not give substantial weight to Mr. Purcell's professed desire to disassociate himself from gang activity, in view of the government's proffer (described above) concerning his recent violent activities and the conduct alleged in the indictment. Moreover, the government's proffer calls into question the suitability of his mother to serve as a custodian, and the ability of both of his parents to monitor and influence their son's behavior, and to ensure his compliance with the conditions of release initially recommended by

Pretrial Services. *See* Dkt. No. 5 at 8.[1]

For these reasons, the Court finds that, based on the present record, the government has carried its burden to show by a preponderance of the evidence that Mr. Purcell is a flight risk, and that no condition, or combination of conditions, of release could be imposed that would reasonably assure his appearance as required in this case. In addition, the Court finds that Mr. Purcell has not rebutted the presumption of dangerousness, and that the government has shown by clear and convincing evidence that no condition, or combination of conditions, of release could be imposed that would reasonably assure the safety of other persons or the community.

## IV. CONCLUSION

Accordingly, defendant Kristopher Purcell is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Purcell shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Purcell to the United States Marshal for the purpose of appearances in connection with court proceedings.

The Court further orders that, at the direction of Pretrial Services, Mr. Purcell shall submit to an assessment for purposes of determining whether he is eligible for participation in residential treatment for substance abuse.

**IT IS SO ORDERED.**

Dated: October 23, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The Court notes that at the conclusion of the hearing, Pretrial Services withdrew its initial recommendations regarding appropriate conditions for release.