# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CR 18 00506 BLF SVK

FILED DEC 06 2018

CLERK, SUSAN Y. SOONG U.S. DISTRICT COURT NORTHERN DISTRICT SAN JOSE OF CALIFORNIA

### SAN JOSE DIVISION

## THE UNITED STATES OF AMERICA

### vs

## ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda,"
## and
## KRISTOPHER PURCELL, aka "K-Dawg,"

Superseding      **INDICTMENT**

| | |
|---|---|
| Count 1: | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Counts 2, 6, 7: | 18 U.S.C. §§ 1959(a)(5) – Conspiracy to Murder in Aid of Racketeering |
| Counts 3, 11: | 18 U.S.C. §§ 1959(a)(1) – Murder in Aid of Racketeering |
| Counts 4, 10, 12: | 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm in Furtherance of or During and in Relation to Crime of Violence |
| Counts 5, 13: | 18 U.S.C. § 924(j)(1) – Use of a Firearm Causing Murder |
| Counts 8, 9: | 18 U.S.C. § 1959(a)(3) – Assault With a Dangerous Weapon in Aid of Racketeering |

**A true bill.**

_____

_Foreperson_

_Filed in open court this_ ____6____ _day of_ ___December___ _A.D._ 201_8_

_____
**United States Magistrate Judge**

**Bail. $** • no bail arrest warrant as to def. valdez.
• no process on Purcell.

SEALED BY ORDER OF COURT

E-filing

FILED

DEC 06 2018

CLERK, SUSAN Y. SOONG
NORTHERN U.S. DISTRICT COURT
DISTRICT OF
SAN JOSE CALIFORNIA

ALEX G. TSE (CABN 152348)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:18-CR-00506-BLF |
| v. | <u>VIOLATIONS:</u> 18 U.S.C. § 1962(d) – Racketeering Conspiracy; 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering; 18 U.S.C. § 1959(a)(5) – Conspiracy and Attempted Murder in Aid of Racketeering; 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering; 18 U.S.C. § 924(c) – Use/Possession of Firearm During and in Relation to/in Furtherance of Crime of Violence; 18 U.S.C. § 924(j)(1) – Use of Firearm Causing Murder; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 924, 1963, and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda," and | |
| KRISTOPHER PURCELL, aka "K-Dawg," | |
| Defendants. | SAN JOSE VENUE |
| | <u>**UNDER SEAL**</u> |

S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges, with all dates being approximate and all date ranges both approximate and inclusive, that at all times relevant to this Superseding Indictment:

Introductory Allegations

1.      *Nuestra Familia* – Spanish for "Our Family" and also known as the "NF" – is a prison gang that was formed in the late 1960s in the California state prison system. The emergence of the NF began

- 1 -

SUPERSEDING INDICTMENT

with a segment of Mexican-American prisoners who were members of, and eventually became disgruntled with, the Mexican Mafia prison gang. This group of disgruntled inmates formed the NF as a rival prison gang to the Mexican Mafia. To this day, the NF and the Mexican Mafia remain enemies and fierce competitors, which has led to violence both on the streets and within custodial facilities.

2.      The NF is generally organized into a formal hierarchy of members. Its membership is composed of a relatively small number of made members, known as "*carnales*." There are various levels of status possessed by these *carnales*, and accordingly, each is afforded varying authority and responsibility over the organization and its subordinates. These *carnales* control and direct many of the activities of the various subordinate *Norteño* street gangs. *Norteño* street gangs are composed of members who refer to themselves generally as "*Norteños*," and who subscribe to the NF ideology and recognize the NF as the supreme *Norteño* authority. The NF is able to assert control and influence over *Norteño* gang members because: (1) the *Norteño* gang members fear the NF's vast reach and ability to commit/order murders and assaults against persons inside and outside of custody, (2) the *Norteño* gang members want the protection provided by the NF if they ever become incarcerated, and (3) the *Norteño* members' belief in the NF ideology and the benefits afforded them as subordinates of the NF.

3.      Outside of custodial settings, the NF has organized its subordinate *Norteño* street gangs into established geographic territories called "street regiments." The city of Salinas and the encompassing Monterey County are controlled by one regiment known as the "Monterey County Regiment." A regiment is led by a "regiment commander," normally an NF member or associate, who has been given that authority by the NF. The NF's purpose for having established street regiments is to generate money that is then appropriately distributed within the NF and its subordinate organizations. These financial contributions may take the form of monthly "dues" paid by individual *Norteño* street gang members and/or the street gangs taxing their own members' profits from illicit activities such as drug dealing.

4.      Under each street regiment, *Norteño* street gangs are typically divided based on the local neighborhoods or "hoods" where their members reside or are actively engaged in gang activity. Each *Norteño* hood has a name and its members and associates meet and work together to carry out their illegal activities for their own individual benefit, the benefit of the particular *Norteño* hood, the benefit of *Norteños* generally, and the benefit of the NF. These *Norteño* hoods fight with other street gangs,

- 2 -

including their primary rival *Sureño*[1] street gangs, to control lucrative illegal activities, to claim or maintain established territory, and to retaliate against a rival gang or perceived rival gang member. *Norteño* street gangs also engage in violence to recruit and influence non-gang members, to gain notoriety and respect, to dissuade potential witnesses from reporting crime or cooperating with law enforcement, to assert their gang identities, to challenge or respond to a challenge, and to send a message to others that they are strong, powerful and not to be provoked.

5.      *Norteño* hoods want and need to have a reputation for being strong and powerful. They also need to increase their membership to survive and continue functioning as an organization on the streets. If a *Norteño* hood has a reputation for being weak, other gangs will challenge and assault its members, and will also attempt to take over its territory. This will cause the particular hood to lose membership and eventually dissolve. If a *Norteño* hood has a large membership and a reputation for being strong, powerful and dominant, rival groups will think twice before they challenge it and victims/witnesses will think twice about assisting authorities with any prosecution attempt against it. This will allow the hood (and *Norteños* as a whole), to grow in strength, thrive in its criminal activity, and rule its territory. Sometimes *Norteño* gang members from different hoods combine to engage in illegal activities, including narcotics trafficking, or to seek protection against rival gangs.

6.      Within the ranks of *Norteños*, gang members earn promotion and prestige by proving themselves through the commission of criminal activities benefitting the gang and/or by spending time in jail or prison. *Norteños* commit crimes such as robbery, extortion, and narcotics trafficking to enrich themselves and the NF. *Norteños* also engage in acts of violence, including murder and attempted murder, which is often the quickest way to earn prestige for the individual gang member, his hood, *Norteños* in general, and the NF. A member or associate of a *Norteño* hood is expected to "hunt" — that is, seek out and beat, stab, or shoot — any rivals. Similarly, a member or associate of a *Norteño* gang is expected to confront and attack any suspected rival that he encounters. If a *Norteño* gang member fails to do so, such member would be subject to reprisal from his own gang. Because of this on-going conflict between *Norteños* and their rival street gangs – most notably, *Sureños* – many innocent individuals have been hurt

---

[1] Similar to the relationship between the NF and *Norteño* street gangs, *Sureños* are subordinate and pledge allegiance to the Mexican Mafia prison gang.

SUPERSEDING INDICTMENT

1  or killed as a result of mistaken identity or for being in the wrong place at the wrong time.

2      7.    *Norteños* identify themselves with the color red and the number "14" in various forms.

3  The number "14" corresponds with the letter "N," which is the fourteenth letter of the alphabet; the letter

4  "N," in turn, is a reference to *Norteños* or the NF.  These and related symbols are often displayed by

5  *Norteño* criminal street gang members in tattoos, graffiti, drawings, hand signs, and on clothing as a way

6  of displaying their affiliation, loyalty, and commitment to the gang.

7  <u>The Racketeering Enterprise: the Monterey County Regiment Enterprise</u>

8      8.    *Norteño* street gangs under the umbrella of the Monterey County Regiment include the

9  Boronda Boys (BOR), Santa Rita Bahamas (SRB), East Las Casitas (ELC), Salinas East Market (SEM),

10  and others.  Members of these *Norteño* hoods often joined forces to essentially operate as a single, unified

11  association-in-fact enterprise, herein referred to as the "Monterey County Regiment Enterprise."   In

12  particular, BOR and SRB regularly joined together to conduct violent attacks on *Sureños*, or individuals

13  perceived to be *Sureños*, and to distribute controlled substances.

14      9.    For all time periods relevant to this Superseding Indictment, the Monterey County

15  Regiment Enterprise was composed of BOR and SRB gang members and associates, as well as other

16  *Norteño* gang members and associates in and around Monterey County California, who coordinated and

17  engaged in criminal activity together.   The Monterey County Regiment Enterprise, including its

18  leadership, members, and associates, in the Northern District of California, the State of California, and

19  elsewhere, constituted an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and

20  1959(b)(2), that is, a group of individuals associated in fact that was engaged in and the activities of which

21  affected interstate and foreign commerce.   The enterprise constituted an ongoing organization whose

22  members functioned as a continuing unit for a common purpose of achieving the objectives of the

23  enterprise.

24  <u>Purposes of the Enterprise</u>

25      10.    The purposes of the Monterey County Regiment Enterprise included the following:

26      a.    Preserving and protecting the power, territory, reputation, and profits of the

27  enterprise through the use of intimidation, violence, threats of violence, assault, and murder;

28      b.    Promoting and enhancing the enterprise and the activities of its members and

- 4 -

1  associates through, among other acts, murder, attempted murder, narcotics trafficking, extortion, and other

2  criminal activities;

3              c.      Keeping rival gang members, potential informants and witnesses against the

4  enterprise, law enforcement, other victims and potential victims, and community members in fear of the

5  enterprise and its members and associates through violence and threats of violence;

6              d.      Providing financial support and information to its members and associates; and

7              e.      Protecting the enterprise's members and associates who committed crimes by

8  hindering, obstructing, and preventing law enforcement officers from identifying the offenders,

9  apprehending the offenders, and successfully prosecuting and punishing the offenders.

10                                          The Defendants

11         11.    At all times relevant to this Superseding Indictment, ANTHONY VALDEZ, aka "Hitter,"

12  aka "Tony Boronda," and KRISTOPHER PURCELL, aka "K-Dawg," were *Norteño* gang members and

13  members of the Boronda Boys street gang.  Each defendant, as a member of the Monterey County

14  Regiment Enterprise, acted individually, and also with other members and associates of the Monterey

15  County Regiment Enterprise, in the commission of racketeering activities and other criminal conduct.

16  Among other activities taken in furtherance of the Monterey County Regiment Enterprise, VALDEZ and

17  PURCELL, along with other BOR members and associates, formed a "murder squad" that hunted and

18  killed rival gang members (or those perceived to be rival gang members) and other persons when it suited

19  the purposes of the Monterey County Regiment Enterprise.

20  COUNT ONE:        (18 U.S.C. § 1962(d) – Racketeering Conspiracy)

21         12.    Paragraphs 1 through 11 of this Superseding Indictment are realleged and incorporated by

22  reference as though fully set forth herein.

23         13.    Beginning on a date unknown to the Grand Jury, but since at least January 16, 2016, and

24  continuing through the date of this Superseding Indictment, in the Northern District of California and

25  elsewhere, the defendants,

26              ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda," and

27              KRISTOPHER PURCELL, aka "K-Dawg,"

28  together with others known and unknown, each being a person employed by and associated with the

- 5 -

SUPERSEDING INDICTMENT

Monterey County Regiment Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and willfully conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Monterey County Regiment Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.      multiple acts and threats involving murder, in violation of California Penal Code Sections 187, 188, 189, 182, 21a, 31, 422, and 664; and

b.      multiple offenses involving the trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

14.      It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

<u>Means and Methods of the Conspiracy</u>

15.      It was part of the means and methods of the conspiracy that the defendants and other members and associates of the Monterey County Regiment Enterprise agreed that acts of violence, including murder, attempted murder, and assault, would be committed by members and associates of the Monterey County Regiment Enterprise against rival gang members and others when it furthered the status and goals of the Enterprise.  To that end, the defendants and other members and associates of the Monterey County Regiment Enterprise formed a "murder squad," which carried out murders and attempted murders against perceived rivals, those who violated the Enterprise's rules, including former members of the Enterprise or *Norteño* gang dropouts, and anyone else who was perceived as challenging the authority or vitality of the Enterprise or its members.  The murder squad also used such violence and assaults for other reasons, including to increase the status of the Enterprise and its members, intimidate and influence members of the community, and prevent cooperation with law enforcement.

16.      It was further part of the means and methods of the conspiracy that the defendants and other members and associates of the Monterey County Regiment Enterprise engaged in illicit activities designed to financially benefit the Enterprise and its members, including distributing controlled substances, as well as controlling the trafficking of narcotics in certain areas of Monterey County,

- 6 -

SUPERSEDING INDICTMENT

including the area known as Chinatown, in Salinas, California.  To that end, the defendants and other members and associates of the Monterey County Regiment Enterprise controlled the supply and distribution channels for narcotics in the areas they controlled and required drug traffickers in those areas to share a portion of their profits with the Enterprise.  The Enterprise used violence, including murder, to ensure compliance with its rules and regulations with respect to its control of the narcotics trafficking in these areas.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:        (18 U.S.C. §§ 1959(a)(5) – Conspiracy to Murder in Aid of Racketeering)

17.    Paragraphs 1 through 11 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

18.    At all times relevant to this Superseding Indictment, the Monterey County Regiment Enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts involving murder, in violation of California Penal Code Sections 187, 188, 189, 182, 21a, 31, 664, and 422; and multiple offenses involving the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

19.    Beginning on a date unknown to the Grand Jury, but since at least January 16, 2016, and continuing through the date of this Superseding Indictment, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Monterey County Regiment Enterprise, an enterprise engaged in racketeering activity, the defendants,

ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda," and

KRISTOPHER PURCELL, aka "K-Dawg,"

together with others known and unknown, unlawfully, knowingly, and willfully combined, conspired, confederated, and agreed together and with each other to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed with other members of the Monterey County Regiment Enterprise to kill actual and suspected members of rival gangs and other persons when it furthered the status and goals of the Monterey County Regiment Enterprise.

All in violation of Title 18, United States Code, Sections 1959(a)(5).

- 7 -

SUPERSEDING INDICTMENT

COUNT THREE:        (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-1)

20.     Paragraphs 1 through 11 and 18 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

21.     On or about February 11, 2017, on Fremont Street in Salinas, California, within the Northern District of California, for the purpose of maintaining and increasing position in the Monterey County Regiment Enterprise, an enterprise engaged in racketeering activity, defendant

KRISTOPHER PURCELL, aka "K-Dawg,"

together with others known and unknown, unlawfully, knowingly, and willfully murdered Victim-1, in violation of California Penal Code Sections 187, 188, 189, and 31.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

COUNT FOUR:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Possession/Use of a Firearm in Furtherance of and During and in Relation to Crime of Violence)

22.     On or about February 11, 2017, on Fremont Street in Salinas, California, within the Northern District of California, defendant

KRISTOPHER PURCELL, aka "K-Dawg,"

unlawfully and knowingly used and carried a firearm during and in relation to, and unlawfully and knowingly possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, namely, the Murder in Aid of Racketeering charged in Count Three of this Superseding Indictment, and unlawfully and knowingly brandished and discharged such firearm during and in relation to, and in furtherance of, the offense charged in Count Three of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

COUNT FIVE:        (18 U.S.C. §§ 924(j)(1) and 2 — Use of a Firearm Causing Murder)

23.     On or about February 11, 2017, on Fremont Street in Salinas, California, within the Northern District of California, defendant

KRISTOPHER PURCELL, aka "K-Dawg,"

unlawfully and knowingly used and carried a firearm during and in relation to, and unlawfully and knowingly possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a

SUPERSEDING INDICTMENT

1 | court of the United States, namely, the Murder in Aid of Racketeering charged in Count Three of this
2 | Superseding Indictment, and in the course of that crime caused the death of a person through the use of a
3 | firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a).

4 |      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

5 | COUNT SIX:     (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering of
6 |           Victim-2)

7 |      24.    Paragraphs 1 through 11 and 18 of this Superseding Indictment are realleged and
8 | incorporated by reference as though fully set forth herein.

9 |      25.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the
10 | Northern District of California, for the purpose of maintaining and increasing position in the Monterey
11 | County Regiment Enterprise, an enterprise engaged in racketeering activity, defendant

12 |                KRISTOPHER PURCELL, aka "K-Dawg,"

13 | together with others known and unknown, unlawfully, knowingly, and willfully attempted to murder
14 | Victim-2, in violation of California Penal Code Sections 187, 188, 189, 21a, 31, and 664.

15 |      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

16 | COUNT SEVEN:     (18 U.S.C. §§ 1959(a)(5) and 2 – Attempted Murder in Aid of Racketeering of
17 |           Victim-3)

18 |      26.    Paragraphs 1 through 11 and 18 of this Superseding Indictment are realleged and
19 | incorporated by reference as though fully set forth herein.

20 |      27.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the
21 | Northern District of California, for the purpose of maintaining and increasing position in the Monterey
22 | County Regiment Enterprise, an enterprise engaged in racketeering activity, defendant

23 |                KRISTOPHER PURCELL, aka "K-Dawg,"

24 | together with others known and unknown, unlawfully, knowingly, and willfully attempted to murder
25 | Victim-3, in violation of California Penal Code Sections 187, 188, 189, 21a, 31, and 664.

26 |      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

27 | //
28 | //

SUPERSEDING INDICTMENT

1   COUNT EIGHT:    (18 U.S.C. §§ 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of

2                      Racketeering of Victim-2)

3      28.    Paragraphs 1 through 11 and 18 of this Superseding Indictment are realleged and

4   incorporated by reference as though fully set forth herein.

5      29.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the

6   Northern District of California, for the purpose of maintaining and increasing position in the Monterey

7   County Regiment Enterprise, an enterprise engaged in racketeering activity, defendant

8                             KRISTOPHER PURCELL, aka "K-Dawg,"

9   together with others known and unknown, unlawfully, knowingly, and willfully assaulted Victim-2 with

10   a dangerous weapon, in violation of California Penal Code Sections 245(a)(2) and 31.

11      All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

12   COUNT NINE:    (18 U.S.C. §§ 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of

13                      Racketeering of Victim-3)

14      30.    Paragraphs 1 through 11 and 18 of this Superseding Indictment are realleged and

15   incorporated by reference as though fully set forth herein.

16      31.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the

17   Northern District of California, for the purpose of maintaining and increasing position in the Monterey

18   County Regiment Enterprise, an enterprise engaged in racketeering activity, defendant

19                             KRISTOPHER PURCELL, aka "K-Dawg,"

20   together with others known and unknown, unlawfully, knowingly, and willfully assaulted Victim-3 with

21   a dangerous weapon, in violation of California Penal Code Sections 245(a)(2) and 31.

22      All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

23   COUNT TEN:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Possession/Use of a Firearm in Furtherance

24                      of or During and in Relation to Crime of Violence)

25      32.    On or about February 12, 2017, on Orchard Avenue in Salinas, California, within the

26   Northern District of California, defendant

27                             KRISTOPHER PURCELL, aka "K-Dawg,"

28   unlawfully and knowingly used and carried a firearm during and in relation to, and unlawfully and

SUPERSEDING INDICTMENT

1  knowingly possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a

2  court of the United States, namely, the Attempted Murders in Aid of Racketeering charged in Counts Six

3  and Seven of this Superseding Indictment, and Assaults with a Dangerous Weapon in Aid of Racketeering

4  charged in Counts Eight and Nine of this Superseding Indictment, and unlawfully and knowingly

5  brandished and discharged such firearm during and in relation to, and in furtherance of, the offenses

6  charged in Counts Six through Nine of this Superseding Indictment.

7      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

8  COUNT ELEVEN:   (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-4)

9      33.    Paragraphs 1 through 11 and 18 of this Superseding Indictment are realleged and

10  incorporated by reference as though fully set forth herein.

11      34.    On or about November 3, 2018, on North Hebbron Avenue in Salinas, California, within

12  the Northern District of California, for the purpose of maintaining and increasing position in the Monterey

13  County Regiment Enterprise, an enterprise engaged in racketeering activity, defendant

14          ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda,"

15  together with others known and unknown, unlawfully, knowingly, and willfully murdered Victim-4, in

16  violation of California Penal Code Sections 187, 188, 189, and 31.

17      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

18  COUNT TWELVE:   (18 U.S.C. §§ 924(c)(1)(A) and 2 — Possession/Use of a Firearm in Furtherance

19          of and During and in Relation to Crime of Violence)

20      35.    On or about November 3, 2018, on North Hebbron Avenue in Salinas, California, within

21  the Northern District of California, the defendant,

22          ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda,"

23  unlawfully and knowingly used and carried a firearm during and in relation to, and unlawfully and

24  knowingly possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a

25  court of the United States, namely, the Murder in Aid of Racketeering charged in Count Eleven of this

26  Superseding Indictment, and unlawfully and knowingly brandished and discharged such firearm during

27  and in relation to, and in furtherance of, the offense charged in Count Eleven of this Superseding

28  Indictment.

SUPERSEDING INDICTMENT

1    All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

2    COUNT THIRTEEN:        (18 U.S.C. §§ 924(j)(1) and 2 — Use of a Firearm Causing Murder)

3        36.     On or about November 3, 2018, on North Hebbron Avenue in Salinas, California, within

4    the Northern District of California, the defendant,

5                        ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda,"

6    unlawfully and knowingly used and carried a firearm during and in relation to, and unlawfully and

7    knowingly possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a

8    court of the United States, namely, the Murder in Aid of Racketeering charged in Count Eleven of this

9    Superseding Indictment, and in the course of that crime caused the death of a person through the use of a

10   firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a).

11       All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

12   NOTICE OF SPECIAL SENTENCING FACTORS FOR COUNT ONE

13   Number 1: Conspiracy to Commit Murder

14       37.     Beginning on a date unknown to the Grand Jury, but since at least January 16, 2016, and

15   continuing through the date of this Superseding Indictment, in the Northern District of California and

16   elsewhere, the defendants,

17                       ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda," and

18                          KRISTOPHER PURCELL, aka "K-Dawg,"

19   together with others, unlawfully, knowingly and willfully conspired to commit murder, in violation of

20   California Penal Code Sections 187, 188, 189, and 182, specifically, the defendants agreed together and

21   with each other to kill, with malice aforethought, actual and suspected members of rival gangs and others.

22   Number 2: KRISTOPHER PURCELL – First Degree Murder of Victim-1

23       38.     On or about February 11, 2017, in the Northern District of California, defendant

24                          KRISTOPHER PURCELL, aka "K-Dawg,"

25   unlawfully, knowingly, and willfully, and with deliberation and premeditation, killed, with malice

26   aforethought, Victim-1, in violation of California Penal Code Sections 187, 188, 189, and 31.

27   Number 3: KRISTOPHER PURCELL – First Degree Attempted Murder of Victim-2

28       39.     On or about February 12, 2017, in the Northern District of California, defendant

- 12 -

SUPERSEDING INDICTMENT

1                        KRISTOPHER PURCELL, aka "K-Dawg,"

2  unlawfully, knowingly, and willfully, and with deliberation and premeditation, and with malice

3  aforethought, attempted to kill Victim-2, in violation of California Penal Code Sections 187, 188, 189,

4  21a, 31, and 664.

5  Number 4: KRISTOPHER PURCELL – First Degree Attempted Murder of Victim-3

6        40.    On or about February 12, 2017, in the Northern District of California, defendant

7                        KRISTOPHER PURCELL, aka "K-Dawg,"

8  unlawfully, knowingly, and willfully, and with deliberation and premeditation, and with malice

9  aforethought, attempted to kill, Victim-3, in violation of California Penal Code Sections 187, 188, 189,

10  21a, 31, and 664.

11  Number 5: ANTHONY VALDEZ – First Degree Murder of Victim-4

12        41.    On or about November 3, 2018, in the Northern District of California, defendant

13                   ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda,"

14  unlawfully, knowingly, and willfully, and with deliberation and premeditation, killed, with malice

15  aforethought, Victim-4, in violation of California Penal Code Sections 187, 188, 189, and 31.

16             NOTICE OF SPECIAL FINDINGS FOR DEFENDANT ANTHONY VALDEZ

17        42.    The allegations set forth in Counts Eleven and Thirteen of this Superseding Indictment are

18  hereby realleged and incorporated by reference as if fully set forth herein.

19        43.    As to Counts Eleven and Thirteen of this Superseding Indictment, defendant ANTHONY

20  VALDEZ, aka "Hitter," aka "Tony Boronda":

21            a.    was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

22            b.    intentionally killed Victim-4 (18 U.S.C. § 3591(a)(2)(A));

23            c.    intentionally inflicted serious bodily injury that resulted in the death of Victim-4

24  (18 U.S.C. § 3591(a)(2)(B));

25            d.    intentionally participated in an act, contemplating that the life of a person would be

26  taken or intending that lethal force would be used in connection with a person, other than one of the

27  participants in the offense, and Victim-4 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

28            e.    intentionally and specifically engaged in an act of violence, knowing that the act

SUPERSEDING INDICTMENT

1   created a grave risk of death to a person, other than one of the participants in the offense, such that
2   participation in the act constituted a reckless disregard for human life and Victim-4 died as a direct result
3   of the act (18 U.S.C. § 3591(a)(2)(D)).

4      44.   As to Counts Eleven and Thirteen of this Superseding Indictment, defendant ANTHONY
5   VALDEZ, aka "Hitter," aka "Tony Boronda," in the commission of the offense, knowingly created a grave
6   risk of death to one or more persons in addition to Victim-4 (18 U.S.C. § 3592(c)(5)).

7      45.   As to Counts Eleven and Thirteen of this Superseding Indictment, defendant ANTHONY
8   VALDEZ, aka "Hitter," aka "Tony Boronda," committed the offense after substantial planning and
9   premeditation to cause the death of Victim-4 (18 U.S.C. § 3592(c)(9)).

10   <u>NOTICE OF SPECIAL FINDINGS FOR DEFENDANT KRISTOPHER PURCELL</u>

11      46.   The allegations set forth in Counts Three and Five of this Superseding Indictment are
12   hereby realleged and incorporated by reference as if fully set forth herein.

13      47.   As to Counts Three and Five of this Superseding Indictment, defendant KRISTOPHER
14   PURCELL, aka "K-Dawg":

15      a.   was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

16      b.   intentionally killed Victim-1 (18 U.S.C. § 3591(a)(2)(A));

17      c.   intentionally inflicted serious bodily injury that resulted in the death of Victim-1
18   (18 U.S.C. § 3591(a)(2)(B));

19      d.   intentionally participated in an act, contemplating that the life of a person would be
20   taken or intending that lethal force would be used in connection with a person, other than one of the
21   participants in the offense, and Victim-1 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

22      e.   intentionally and specifically engaged in an act of violence, knowing that the act
23   created a grave risk of death to a person, other than one of the participants in the offense, such that
24   participation in the act constituted a reckless disregard for human life and Victim-1 died as a direct result
25   of the act (18 U.S.C. § 3591(a)(2)(D)).

26      48.   As to Counts Three and Five of this Superseding Indictment, defendant KRISTOPHER
27   PURCELL, aka "K-Dawg," in the commission of the offense, knowingly created a grave risk of death to
28   one or more persons in addition to Victim-1 (18 U.S.C. § 3592(c)(5)).

SUPERSEDING INDICTMENT

49.   As to Counts Three and Five of this Superseding Indictment, defendant KRISTOPHER PURCELL, aka "K-Dawg," committed the offense after substantial planning and premeditation to cause the death of Victim-1 (18 U.S.C. § 3592(c)(9)).

FORFEITURE ALLEGATION:            (18 U.S.C. §§ 924(d)(1), 1963, and 28 U.S.C. § 2461(c))

50.   The factual allegations contained in the Introductory Allegations and Counts One through Thirteen of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 924(d)(1) and 1963, and Title 28, United States Code, Section 2461(c).

51.   Upon conviction of the offense alleged in Count One of this Superseding Indictment, the defendants,

ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda," and

KRISTOPHER PURCELL, aka "K-Dawg,"

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1963(a), (1) any interest he has acquired or maintained in violation of Section 1962 of Title 18 of the United States Code; (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962 of Title 18 of the United States Code; and (3) any property constituting or derived from any proceeds which he obtained directly or indirectly from racketeering activity, in violation of Title 18, United States Code, Section 1962.

52.   Upon conviction of the offense alleged in Counts Four, Five, Ten, Twelve, and Thirteen of this Superseding Indictment, the defendants,

ANTHONY VALDEZ, aka "Hitter," aka "Tony Boronda," and

KRISTOPHER PURCELL, aka "K-Dawg,"

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing violation of said offense, or a conspiracy to commit said offense.

53.   If, as a result of any act or omission of the defendant, any of the property subject to forfeiture

- 15 -

1        a.     cannot be located upon the exercise of due diligence;

2        b.     has been transferred or sold to or deposited with, a third person;

3        c.     has been placed beyond the jurisdiction of the Court;

4        d.     has been substantially diminished in value; or

5        e.     has been commingled with other property which cannot be divided without

6              difficulty;

7 any and all interest the defendant has in any other property, shall be forfeited to the United States pursuant

8 to 21 U.S.C. § 853(p) and 18 U.S.C. § 1963(m).

9      All pursuant to 18 U.S.C. §§ 924(d)(1), 1963, 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal

10 Rules of Criminal Procedure.

11 DATED: 12-6-18            A TRUE BILL

12

13

14                     FOREPERSON

15

16 ALEX G. TSE
United States Attorney

17

18 Stephanie Hinds
Deputy Chief, Criminal Division

19

20 (Approved as to form:          )

21         AUSA Katherine Griffin

22

23

24

25

26

27

28

- 16 -

SEALED BY ORDER OF COURT

E-filing

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1962(d) (Count 1);
18 U.S.C. § 1959(a)(5) (Count 2);
18 U.S.C. § 1959(a)(1) (Count 11);
18 U.S.C. § 924(c) (Count 12); and
18 U.S.C. § 924(j) (Count 13)

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:   See attached.

Plus: forfeiture allegations included in indictment and possible immigration consequences.

### DEFENDANT - U.S

▶ ANTHONY VALDEZ aka "Hitter" aka "Tony Boronda"

DISTRICT COURT NUMBER

5:18-CR-506-BLF

FILED
DEC 06 2018
CLERK, SUSAN Y. SOONG
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation, Special Agent Brian Walsh

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

_____

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

_____

Name and Office of Person
Furnishing Information on this form        ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)        AUSA GRIFFIN

### DEFENDANT

#### IS NOT IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

#### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes
been filed?   ☐ No

} If "Yes"
give date
filed _____

DATE OF
ARREST ▶        Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY ▶        Month/Day/Year

_____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT        Bail Amount: no bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

_____

Date/Time: _____   Before Judge: _____

Comments:

A1

**ANTHONY VALDEZ aka "HITTER" aka "TONY BORONDA"**

**Count 1:  18 U.S.C. § 1962(d) – Racketeering Conspiracy**
> Maximum term of life imprisonment
> Maximum term of 5 years of supervised release
> Maximum fine of $250,000
> Mandatory special assessment of $100

**Count 2:  18 U.S.C. §§ 1959(a)(5) – Conspiracy to Murder in Aid of Racketeering**
> Maximum term of 10 years' imprisonment
> Maximum term of 3 years of supervised release
> Maximum fine of $250,000
> Mandatory special assessment of $100

**Count 11:  18 U.S.C. §§ 1959(a)(1) – Murder in Aid of Racketeering of Victim-4**
> Death or Maximum of Life Imprisonment
> Mandatory Minimum of Life Imprisonment
> Maximum Fine of $250,000
> Maximum Term of Supervised Release of 5 years
> Mandatory Special Assessment of $100

**Count 12:   18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm in Furtherance of or During and in Relation to Crime of Violence**
> Mandatory consecutive term of imprisonment of not less than 10 years imprisonment and a maximum term of life imprisonment
> Maximum term of 5 years of supervised release
> Maximum fine of $250,000
> Mandatory special assessment of $100

**Count 13:  18 U.S.C. § 924(j)(1) – Use of a Firearm Causing Murder**
> Death or Maximum of Life Imprisonment
> Maximum Fine of $250,000
> Maximum Term of Supervised Release of 5 years
> Mandatory Special Assessment of $100



AO 257 (Rev. 6/78)

SEALED BY ORDER OF COURT

E-filing

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1962(d) (Count 1);
18 U.S.C. § 1959(a)(5) (Counts 2, 6, 7);
18 U.S.C. § 1959(a)(1) (Count 3);
18 U.S.C. § 1959(a)(3) (Counts 8 and 9);
18 U.S.C. § 924(c) (Counts 4, 10); and
18 U.S.C. § 924(j) (Count 5)

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached.

Plus: forfeiture allegations included in indictment and possible immigration consequences.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**DEFENDANT - U.S**

▶ KRISTOPHER PURCELL aka "K-DAWG"

DISTRICT COURT NUMBER

5:18-CR-506-BLF

FILED

DEC 06 2018

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction        } ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
    If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?   ☐ No    give date filed

DATE OF ▶   Month/Day/Year
ARREST      10/12/2018

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation, Special Agent Brian Walsh

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA GRIFFIN

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: ~~no bail~~

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

**KRISTOPHER PURCELL aka "K-DAWG"**

**Count 1:  18 U.S.C. § 1962(d) – Racketeering Conspiracy**
    Maximum term of life imprisonment
    Maximum term of 5 years of supervised release
    Maximum fine of $250,000
    Mandatory special assessment of $100

**Count 2:  18 U.S.C. §§ 1959(a)(5) – Conspiracy to Murder in Aid of Racketeering**
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years of supervised release
    Maximum fine of $250,000
    Mandatory special assessment of $100

**Count 3:  18 U.S.C. §§ 1959(a)(1) – Murder in Aid of Racketeering of Victim-1**
    Death or Maximum of Life Imprisonment
    Mandatory Minimum of Life Imprisonment
    Maximum Fine of $250,000
    Maximum Term of Supervised Release of 5 years
    Mandatory Special Assessment of $100

**Count 4:  18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm in Furtherance of or During and in Relation to Crime of Violence**
    Mandatory consecutive term of imprisonment of not less than 10 years imprisonment and a maximum term of life imprisonment
    Maximum term of 5 years of supervised release
    Maximum fine of $250,000
    Mandatory special assessment of $100

**Count 5:  18 U.S.C. § 924(j)(1) – Use of a Firearm Causing Murder**
    Death or Maximum of Life Imprisonment
    Maximum Fine of $250,000
    Maximum Term of Supervised Release of 5 years
    Mandatory Special Assessment of $100

**Count 6:  18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-2**
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years of supervised release
    Maximum fine of $250,000
    Mandatory special assessment of $100



**Count 7:  18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-3**
>Maximum term of 10 years' imprisonment
>Maximum term of 3 years of supervised release
>Maximum fine of $250,000
>Mandatory special assessment of $100

**Count 8:  18 U.S.C. § 1959(a)(3) – Assault With a Dangerous Weapon in Aid of Racketeering of Victim-2**
>Maximum term of 20 years' imprisonment
>Maximum term of 3 years of supervised release
>Maximum fine of $250,000
>Mandatory special assessment of $100

**Count 9:  18 U.S.C. § 1959(a)(3) – Assault With a Dangerous Weapon in Aid of Racketeering of Victim-3**
>Maximum term of 20 years' imprisonment
>Maximum term of 3 years of supervised release
>Maximum fine of $250,000
>Mandatory special assessment of $100

**Count 10:  18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm in Furtherance of or During and in Relation to Crime of Violence**
>Mandatory consecutive term of imprisonment of not less than 10 years imprisonment and a maximum term of life imprisonment
>Maximum term of 5 years of supervised release
>Maximum fine of $250,000
>Mandatory special assessment of $100

