```
ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KATHERINE GRIFFIN (CABN 282162)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Katherine.Griffin@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY VALDEZ, ET AL.,<br><br>　　　　Defendant. | NO. 5:18-CR-506-BLF<br>[FILED OCTOBER 11, 2018] |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN MAGAT,<br><br>　　　　Defendant. | NO. 5:18-CR-612-EJD<br>[FILED DECEMBER 20, 2018]<br><br>NOTICE OF RELATED CASE IN A CRIMINAL ACTION |

　　　　The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the two above-captioned criminal cases may be related.

　　　　The indictment in United States v. Valdez, et al., 5:18-CR-506-BLF, charges criminal racketeering-related offenses, stemming from the defendants' Norteno street gang membership and

participation in a "murder squad" with other known and unknown Norteno gang members and associates. The indictment in United States v. John Magat, 5:18-CR-612-EJD, charges a single count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Though defendant John Magat (5:18-CR-612-EJD) is not yet charged with racketeering-related crimes, the government has reason to believe that defendant Magat is a Norteno gang member, as well as a member of the same "murder squad" – and, thus, believed to be a participant in the conspiracy charged in U.S. v. Valdez (5:18-CR-506-BLF).

These cases do not seem to concern the same defendants, nor "the same alleged events, occurrences, transactions or property," pursuant to Local Criminal Rule 8-1(b)(1). However, these cases may result in "substantial duplication of labor if heard by different Judges," or create conflicts if conducted before different Judges, pursuant to Local Criminal Rule 8-1(b)(2). At the very least, the government anticipates that facts and evidence related to each case will be used in the sentencing(s) of the other case. Additionally, representation by one attorney in both cases is likely to create a conflict of interests.

While it is too early to determine whether the cases may result in *substantial* duplication of labor if heard by different Judges, there is likely to be overlap in facts and evidence, as well as potential conflict in attorney representation. Thus, per the requirement of Local Criminal Rule 8-1(c)(4), government counsel states that assignment of these cases to a single judge is likely to conserve judicial resources and promote an efficient determination of each action.

DATED: December 20, 2018

Respectfully submitted,

ALEX G. TSE
United States Attorney

/s/
KATHERINE GRIFFIN
Assistant United States Attorney