1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KATHERINE GRIFFIN (CABN 282162)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       Katherine.Griffin@usdoj.gov

8  Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 5:18-CR-506-BLF-2 |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS |
| v. | |
| KRISTOPHER PURCELL, aka "K-Dawg," | |
| Defendant. | |

The defendant, KRISTOPHER PURCELL, is currently charged in a Superseding Indictment the above-captioned case.

At the defendant's requests, the United States will produce documents and other materials to defense counsel. Materials contained in this production are deemed by the government to be sensitive (based on witness safety concerns or other comparable concerns), and as such, will be designated and/or labeled as "PROTECTED MATERIALS."[1] Any PROTECTED MATERIALS are deemed produced

---

[1] If defense counsel disputes the government's designation of specific materials as PROTECTED MATERIALS, then, after meeting and conferring with the government, the defense counsel or the government may seek Court intervention to resolve the dispute. Pending resolution of the dispute the disputed materials shall continue to be treated as PROTECTED MATERIALS subject to the terms of this Protective Order.

PROTECTIVE ORDER
5:18-CR-506-BLF                                1

pursuant to the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of defendant(s), the PROTECTED MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare the defendant(s)'s defense, and his or her investigator(s).

2. Defense counsel, members of his or her law firm, the defendant(s), and the investigator(s) shall not permit any person access of any kind to the PROTECTED MATERIALS, except as set forth below.

3. The following individuals may examine the PROTECTED MATERIALS for the sole purpose of preparing the defense of the defendant(s) and for no other purpose:

   a) counsel for defendant(s);

   b) members of defense counsel's law office who are assisting with the preparation of defendant(s)'s defense;

   c) defendant(s), but *only* in the presence of defense counsel or another authorized person listed in this paragraph (defendant may not take or maintain the PROTECTED MATERIALS or copies thereof); and

   d) paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant(s) or assigned by the Court to assist in the defense of this matter (the individuals in this subsection (d) may obtain copies of the PROTECTED MATERIALS so long as they secure them pursuant to the requirements of this Protective Order).

If defense counsel determines that additional persons are needed to review the PROTECTED MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government. In the event the parties agree to the additional person or persons, it shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection.

5. A copy of this Order shall be maintained with the PROTECTED MATERIALS at all times.

6. All individuals other than defense counsel and defendant who receive access to the PROTECTED MATERIALS, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c) they agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant; and

    d) they understand that failure to abide by this Order may result in sanctions by this Court.

These signed copies shall be maintained by counsel for the parties and shall be made available upon request under seal to the Court.

7. No other person shall be allowed to examine the PROTECTED MATERIALS without further order of the Court. Examination of the PROTECTED MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

8. The PROTECTED MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

9. In addition to the undersigned and named parties, this Order shall bind any new counsel who later appear in this case.

10. If the PROTECTED MATERIALS are attached to any pleadings or other court submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.

11. The defense team shall return the PROTECTED MATERIALS (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against the defendant(s); defendant(s)'s acquittal by court or jury; or the conclusion of any direct appeal.

12. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the PROTECTED MATERIALS. The United States will maintain the PROTECTED MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the PROTECTED MATERIALS. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

DAVID L. ANDERSON
United States Attorney

Dated: February 19, 2019

/s/
KATHERINE GRIFFIN
Assistant United States Attorney

Dated: February 19, 2019

/s/
KENNETH WINE
Counsel for KRISTOPHER PURCELL

PURSUANT TO STIPULATION, IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: February 20, 2019

HON. BETH LABSON FREEMAN
United States District Judge
Susan van Keulen
United States Magistrate Judge

PROTECTIVE ORDER
5:18-CR-506-BLF

4